# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| KECIA HOLSTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CONMED CORPORATION. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Kecia Holston by and through her undersigned counsel of record and sets forth this Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended, and under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA") against Conmed Corporation ("Defendant Employer" or "Conmed") as set forth below:

## JURISDICTION AND VENUE

1.

This action is for ADA discrimination and retaliation as well as FMLA interference and retaliation. Plaintiff seeks declaratory and injunctive relief, back

pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

2.

This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3.

Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## **PARTIES**

4.

Plaintiff is a citizen of Georgia, and Plaintiff is a former employee of Conmed Corporation ("Defendant Employer").

5.

Defendant Employer is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6.

Defendant Employer may be served through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046-4805, if service of process is not waived.

7.

This Court has personal jurisdiction over Defendant Employer.

**STATEMENT OF FACTS**

8.

Defendant Employer is a covered employer within the meaning of the FMLA and the ADA.

9.

During all time relevant to this lawsuit, Defendant Employer employed more than fifty (50) employees within seventy-five (75) miles for each working day during each of twenty (20) or more calendar weeks in 2017, 2018 and 2019.

10.

At all times relevant to this lawsuit, Plaintiff was an eligible employee pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* as she was employed with Defendant Employer for more than 12 months and had worked 1,250

hours for Defendant Employer within the 12 months prior to requesting FMLA leave.

11.

Defendant Employer is a global medical technology company that specializes in the development and sale of surgical and patient monitoring products and services.

12.

In November 2015, Plaintiff was hired by Defendant Employer as an administrative assistant through a Staffing Agency.

13.

In May 2016, Plaintiff had performed well enough for Defendant Employer that they chose to continue her employment as a direct hire employee.

14.

Around August 2018 Plaintiff was diagnosed by a healthcare professional as having a Serious Health Condition ("SHC") as defined by the FMLA.

15.

Until Plaintiff's SHC, Plaintiff had no documented performance issues.

16.

Plaintiff's SHC required periodic medical visits.

17.

Plaintiff attended her periodic medical visits throughout the remainder her employment with Defendant Employers.

18.

Plaintiff's SHC is chronic meaning that it was likely to continue over an extended period of time and/or be a permanent condition.

19.

Plaintiff's SHC is episodic meaning that she would likely have largely unpredictable periods of incapacity.

20.

Plaintiff's SHC is long term or potentially permanent.

21.

Plaintiff's SHC was and is supervised under the long-term care of a healthcare professional.

22.

Plaintiff informed Defendant Employer about her SHC shortly after her diagnosis.

23.

Plaintiff discussed with Defendant Employer her need for FMLA intermittent leave.

24.

Plaintiff also discussed with Defendant Employer her need for certain disability accommodations. Specifically, Plaintiff requested that she be allowed time off to attend her medical visits, time off if she experienced an episode, and the possibility she might need to miss some time from work if she was experiencing an episode of her SHC.

25.

Plaintiff submitted Defendant Employers FMLA paperwork.

26.

Plaintiff was approved by Defendant Employer for intermittent FMLA leave.

27.

However, after Plaintiff began to miss time from work for FMLA leave and/or as an ADA accommodation, Plaintiff began to experience discrimination due to her disability and retaliation for being away from her job.

28.

For example, Plaintiff began to be criticized for missing work, Plaintiff's co-workers began to question her sanity, Plaintiff was called "crazy", her co-workers and supervisors began to attempt to trigger episodes of Plaintiff's SHC, etc.

29.

Defendant Employer interfered with Plaintiff's FMLA leave/ADA accommodation, by telling Plaintiff she could not have episodic time off, by punishing her when she missed time from work, and by making fun of her SHC.

30.

After Plaintiff's request for FMLA/ADA accommodation, Plaintiff was often held to a higher performance standard then she was before she engaged in protected conduct.

31.

Further, Defendant Employer didn't reduce Plaintiff's performance standards when Plaintiff had to use her FMLA leave requiring Plaintiff to do full time work, but with less hours to accomplish her tasks.

32.

On or around March 8, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") Atlanta District Office

for disability discrimination and retaliation in violation of the Americans with Disabilities Act. (See "Exhibit A")

33.

Just two weeks later on March 26, 2019, Plaintiff was terminated by Defendant Employer

34.

The EEOC issued Plaintiff her Right to Sue Letter on February 4, 2020. (See "Exhibit B")

35.

This suit has been commenced within 90 days of Plaintiff's receipt of her Right to Sue Letter.

## COUNT I

### Retaliation for Exercise of FMLA Rights

36.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

37.

Plaintiff was an eligible employee with a SHC as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.115.

38.

At all times relevant to this action, Defendant Employer had more than 50 employees in twenty (20) or more workweeks in 2018-2019, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

39.

Plaintiff's had a SHC as defined by the FMLA.

40.

Plaintiff had not exhausted her FMLA leave limit in either 2018 or 2019.

41.

Plaintiff timely notified Defendant Employer of her SHC.

42.

In discriminating against Plaintiff, in making fun of Plaintiff, in treating Plaintiff more harshly, in not allowing Plaintiff the time away from work she needed to recover from episodes of her SHC, and in all the other ways described above

Defendant Employer retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

43.

Defendant's actions in retaliating against Plaintiff for exercising her rights under the FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

44.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

45.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

46.

Plaintiff is further entitled to liquidated damages for Defendant Employer's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## FMLA Interference

47.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

48.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.115.

49.

At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2015 -2017, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

50.

Plaintiff's had a SHC as defined by the FMLA.

51.

Plaintiff had not exhausted her FMLA leave limit in 2018 or 2019.

52.

Plaintiff timely notified Defendant of her SHC.

53.

Defendant knew that Plaintiff was qualified for leave under the FMLA, and that Plaintiff needed leave under the FMLA as they approved her FMLA leave request.

54.

As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully terminated Plaintiff's employment, disciplined Plaintiff, suspended Plaintiff, refused her use of FMLA leave, limited her FMLA leave, and otherwise interfered with Plaintiff's right to FMLA.

55.

Defendant Employer's actions in interfering with Plaintiff's exercise of her rights under the FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

56.

The effect of Defendant Employer's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

57.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant Employer's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

58.

Ghee is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III:

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (Failure to Accommodate and Discharge Due to Disability)**

59.

Plaintiff incorporates paragraphs 1-58, above, as if more fully set forth herein.

60.

Plaintiff had a disability as detailed above that substantially limited multiple life activities.

61.

Plaintiff suffered from a disability as defined by the ADA.

62.

Plaintiff was qualified for her job at the time of her termination by Defendant Employer.

63.

Plaintiff made a request for a reasonable accommodation which would allow her to perform the essential functions of her job.

64.

Defendant Employer refused to make reasonable accommodations for Plaintiff's known limitations.

65.

Plaintiff was discharged, harassed, and treated less favorably by Defendant Employer due to her disability.

66.

Defendant Employer's actions complained of herein have caused damage to Plaintiff, including but not limited to lost wages, diminished employment opportunities, lost benefits, and all other forms of damages allowed by law.

## COUNT IV
## UNLAWFUL RETALIATION UNDER THE ADA

67.

Plaintiff incorporates by reference paragraphs 1-66 of this Complaint as if fully set forth herein.

68.

Plaintiff timely notified Defendant Employer of her disability.

69.

After knowledge of her disability, Defendant Employer retaliated against Plaintiff as detailed above.

15.

Defendant Employer's actions complained of herein have caused damage to Plaintiff, including but not limited to lost wages, diminished employment opportunities, lost benefits, and all other damages allowed by law.

**WHEREFORE**, the Plaintiff prays as follows:

(a)  that process issue;

(b)  that a trial by jury to all issues be had;

(c)  judgment against Defendant Employer for any and all general, special, and, where applicable, liquidated and punitive damages as allowed by law under each and every count and cause of action contained in this complaint;

(d)  for injunctive relief;

(e)  for all costs of this action to be taxed against Defendant Employer;

(f)  for all costs and attorney's fees to be awarded to Plaintiff;

(g)  that damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate be awarded Plaintiff;

(h)  that equitable relief in the form of reinstatement or front pay, as the Court deems appropriate be awarded Plaintiff;

(i)  that witness fees, and costs of this action be awarded Plaintiff; and,

(j)  for any and all other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted, this 4th day of May, 2020.

/s/ J. Stephen Mixon
J. Stephen Mixon

                          Georgia Bar No. 514050
                          steve@mixon-law.com

The Mixon Law Firm
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Phone: (770) 955-0100
Fax: (678) 999-5039

17